UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE SEARCH OF
TERENCE L. SOWELL ON
OCTOBER 23, 2007, SEIZURE OF
$10,005 IN U.S. CURRENCY,

Case No. 08-51163

Honorable Nancy G. Edmunds

TERENCE L. SOWELL,

    Claimant.
_____/

**ORDER DENYING CLAIMANT'S MOTION TO SET ASIDE FORFEITURE [1]**

Claimant seeks to have a nonjudicial forfeiture of $10,005, seized from his person at Detroit Metropolitan Airport, set aside based upon the Government's failure to provide him with notice under 18 U.S.C.A. § 983 (West 2000 & Supp. 2008). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, this motion will be resolved without oral argument pursuant to E.D. Mich. LR 7.1(e)(2). Because Claimant had actual knowledge of the seizure, the criteria to set aside a civil forfeiture are not met, and Claimant's motion is DENIED.

**I. Facts**

On or around Oct. 23, 2007, Claimant was stopped by Drug Enforcement Administration ("DEA") agents at Detroit Metropolitan Airport prior to leaving for Tucson, Arizona. (Mot. at ¶1). The agents seized ten thousand and five dollars ($10,005) from Claimant, and provided him with a U.S. Department of Justice, Drug Enforcement Administration Receipt for Cash or Other Items that indicated the agency and local office that had seized the money. (Mot. at ¶2; Mot. at Ex. A). The DEA recorded Claimant's

address from an Arizona Driver's License in his possession, and sent a Notice of Seizure via Certified Mail, Return Receipt Requested, on November 14, 2007. (Resp. at ¶4). The return receipt indicates that an individual other than the Claimant received and signed for the notice; it was returned to the DEA two days later marked "UNABLE TO FORWARD, RETURN TO SENDER." (Resp. at Ex. A1; Resp. at Ex. A2)  The DEA subsequently published a notice in *The Wall Street Journal* pursuant to 19 U.S.C. § 1607(a) (West 1999) and 21 C.F.R. § 1316.75(a). (Resp. at Ex. A3).

Claimant retained counsel, who sent letters on January 31, 2008, and April 22, 2008, respectively, to the DEA's Detroit Field Office to inquire about the status of the seizure. (Mot. at ¶3). Counsel further contacted the DEA via telephone in July, August, and September of 2008. (Mot. at ¶4). The DEA declared the property forfeited on February 22, 2008, pursuant to 21 U.S.C. § 881. (Resp. at Ex. A4).

**II. Analysis**

Money used or intended for use in exchange for illegal drugs is subject to forfeiture. 21 U.S.C.A. § 881(a)(6) (West 1999 & Supp. 2008). For property worth less than $500,000, the government is permitted to administratively forfeit the property after furnishing notice to parties with a known interest in the property and publishing notice once a week for three consecutive weeks. 18 U.S.C.A. § 983; 19 U.S.C.A. § 1607(a); 21 C.F.R. § 1316.75(a).

Any individual who wishes to claim an interest in the seized property may file a claim with the relevant government entity before the deadline indicated on the furnished notice. 18 U.S.C.A. § 983(a)(2)(B). If a notice is not received, the claim must be filed within 30 days of the last published notice. *Id.*  After receiving a claim, the government is required

to cease administrative action and proceed in federal district court.  18 U.S.C.A. § 983(a)(3)(A).

If the government does not receive a claim, it may declare the property forfeited.  19 U.S.C.A. § 1609 (West 1999).  A party may seek to have the forfeiture set aside pursuant to the Civil Asset Forfeiture Reform Act of 2000, which provides in relevant part:

> (e) Motion to set aside forfeiture.--
>
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
>> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>>
>> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C.A. § 983.

Section 983 is the exclusive remedy available to parties seeking to set aside a civil forfeiture.  18 U.S.C.A. § 983(e)(5).[1]  To prevail on his motion and set aside the forfeiture in the instant case, Claimant must satisfy the Court that the government did not take reasonable steps to provide notice, and that Claimant did not have knowledge of the seizure in order to file a claim.

### A.  Steps Taken to Provide Notice

The Government argues that it took reasonable steps to provide notice under

---

[1] Claimant also relies on Fed. R. Crim. P. 41 for this motion, however, because section 983 is the exclusive remedy to set aside forfeitures, it precludes reliance on other provisions, such as Rule 41.  *See Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005).  Claimant also requests the suppression of evidence, but does not provide any support for this relief.  The Court will accordingly construe the motion as one to set aside a civil forfeiture.

3

section 983(e)(1)(A) by sending certified mail, return receipt requested, to the address recorded from the license in Claimant's possession at the time of the seizure. (Resp. at ¶4). The Government further argues that it "is entitled to assume that the notice that was received and signed for at Sowell's address reached Sowell." *Id.* (citing *Collette v. DEA*, 386 F.Supp.2d 1120, 1138 (D. Alaska 2005)). The Government also published the notice in the *Wall Street Journal* as required by statute. (Resp., Ex. A). In addition, the DEA attempted to locate or confirm Claimant's address via Autotrack in January of 2007 and found only the Tucson address to which notice had been previously sent. (Resp. at Ex. A5).

Claimant puts forth several reasons to argue that the Government did not act reasonably. First, Claimant's counsel sent two letters and made numerous phone calls to the local DEA field office indicating that Claimant was represented by an attorney and that he had not received notice. (Mot. at ¶¶ 3-6). No response letters have been brought forward by either party, and the content of the phone calls remains somewhat unclear from the materials submitted by the parties. Had these actions been taken earlier, within the time provided for filing a claim, they would be sufficient to rebut the Government's showing that its efforts were sufficient.[2]

The Government's actions, therefore, appear reasonably calculated to notify Claimant that a forfeiture action was in progress. The letters and phone calls were only placed after the deadlines had run, and as a result the Government had no way of knowing that its attempts to notify Claimant had failed until after the deadline for filing a claim had

---

[2] A claim would have needed to be filed within 30 days of the final published notice on Dec. 10, 2007; the first letter was not sent until Jan. 31, 2008.

4

expired.

### B. Actual Notice

Even if the Government failed to take reasonable steps to provide notice, Claimant must also show that he did not have actual notice of the seizure in order to have the forfeiture set aside. 18 U.S.C.A. § 983(e)(1)(B). The Government argues that Claimant was on notice of the seizure because the property in question was taken from his person by the DEA. (Resp. at ¶3). Claimant disputes this, and the question turns on whether the seizure of property from an individual's person amounts to knowledge for the purposes of section 983(e)(1)(B).

District courts, including those in the Sixth Circuit, have found that claimants had knowledge of seizures and held that the second requirement of section 983(e)(1) cannot be met where the claimants were present at the time of the seizure. *See Harrington v. DEA*, No. 05-CV-206-WOB, 2006 WL 897221, *4 (E.D. Ky. Apr. 6, 2006) (holding the requirements of section 983(e)(1)(B) are not met where "the DEA had seized the money from his pocket"); *United States v. Russell*, 2:04cr150-MHT, 2006 WL 2786883, *3 (M.D. Ala. Sept. 27, 2006) (where the claimant knew the property was seized from the hotel room from which he had left); *Johnson v. United States*, No. 03-00281, 2004 WL 2538649, *4 (S.D. Ind. Oct. 22, 2004) (where the claimant was present during the seizure); *but see Volpe v. United States*, 543 F.Supp.2d 113, 119-20 (D. Mass. 2008) (holding that actual knowledge of the seizure does not satisfy due process where the Government failed to take reasonable steps to discover the claimant's address).

These conclusions follow naturally from the language of the statute, which requires that the moving party have knowledge of the seizure, but not knowledge of the forfeiture

action itself.  See 18 U.S.C.A. § 983(e)(1)(B).  Because Claimant in this case had actual knowledge of the seizure, section 983(e)(1)(B) is not fulfilled.

### III. Conclusion

Because the Government took reasonable steps to notify Claimant of this forfeiture proceeding, and because Claimant had actual knowledge of the seizure, the requirements of 18 U.S.C.A. § 983(e)(1) are not met and the motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 19, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager